**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| B. BRENT JONES and<br>REBECCA H. JONES | § § § | |
| *Plaintiffs,* | § § | |
| V. | § § | CASE NO. 4:12cv446<br>Judge Clark/Judge Mazzant |
| WELLS FARGO BANK, N.A. and<br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION | § § § § | |
| *Defendants.* | § | |

## ORDER ADOPTING REPORT AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 11, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that defendants' Motion for Summary Judgment [Doc. #30] be granted in part [Doc. #35]. On June 25, 2013, plaintiffs filed objections to the report [Doc. #36]. On July 9, 2013, defendants filed a response [Doc. #37]. On July 19, 2013, plaintiffs filed a reply [Doc. #38].

The Magistrate Judge recommended that defendants Wells Fargo Bank, N.A. and Federal National Mortgage Association's Motion for Summary Judgment [Dkt. #30] be granted in part and all of plaintiffs' claims against defendants be dismissed with prejudice. The report also recommended that the motion should be denied as to defendants' counterclaim.

1

Plaintiffs first object to the recommendation that their claim for breach of fiduciary duty and breach of the duty of good faith and fair dealing should be dismissed. Plaintiff asserts that there is a material fact issue as to whether there was a fiduciary duty between Brent Jones and Wells Fargo in the lending context. Plaintiffs argue that Brent Jones was required to originate his mortgage loan with his employer Wachovia Bank, now Wells Fargo.

The Magistrate Judge determined that courts refuse to impose an informal fiduciary relationship on an employer even where there is a longtime employment history and that the facts of this case did not demonstrate to the court that anything other than an employer/employee relationship existed. The Magistrate Judge found that there was no duty in this case. The Magistrate Judge also found that there is no duty of good faith and fair dealing in the area of the mortgage loan.

The court agrees with Magistrate Judge and defendants that it is well established that the relationship between a borrower and lender is usually neither a fiduciary relationship nor a special relationship. Texas courts have consistently found that there is no duty of good faith and fair dealing between a mortgagor and a mortgagee. Likewise, the employer-employee context does not create a fiduciary duty. Plaintiffs offer no evidence that would create a material fact issue that, based upon the facts in this case, there was any fiduciary duty owed to plaintiffs.

The Magistrate Judge also alternatively found that even assuming that a fiduciary relationship somehow existed as a result of Brent Jones's employment, that special relationship ended when his active employment ended in October 2009. No objection is made to this finding. Plaintiffs also failed to object to the alternative finding that even if there was a fiduciary relationship at some time during Brent Jones's employment, there is no evidence of any such fiduciary relationship between Wells Fargo and Rebecca Jones. Finally, plaintiffs failed to object to the finding that even if there

was a fiduciary relationship, the written release supports dismissal of all claims related to his employment.

Plaintiffs also assert that there is a material fact issue based upon the fact that before foreclosure, Wells Fargo did not conduct a loss mitigation evaluation in their case. Defendants correctly point out that plaintiffs cite no authority for this proposition, and to the extent that this is an objection, it is overruled.

Plaintiffs next object to the Magistrate Judge's recommendation to dismiss their claims under the Texas Debt Collection Act ("TDCA"). Plaintiffs assert that Wells Fargo charged them two late fees after the home was already sold at foreclosure and charged them foreclosure fees. Plaintiffs argue that these fees were not authorized.

The Magistrate Judge found that both the Deed of Trust and Note permit Wells Fargo to charge certain fees such as late charges, escrow advances, property preservation advances, extension of credit charges, and late charge of 5% for overdue payment. The Magistrate Judge also found that plaintiffs have no evidence of a charge or fee that was not authorized by the loan documents.

The court agrees that plaintiffs failed to offer any evidence that they were actually charged late fees that were not authorized by the Note or the Deed of Trust. Simply stating that certain fees were charged is not sufficient to create a material fact issue. There is no evidence that Wells Fargo ever assessed the fees against plaintiffs. There is no evidence that plaintiffs paid these fees or that plaintiffs had any knowledge of these fees until after discovery in the case. The fact that internal documents show a charge does not create a cause of action under the TDCA.

Plaintiffs next object asserting that there were additional misleading representations made by defendants that would violate the TDCA. Plaintiffs assert that defendants failed to conduct a

loss mitigation evaluation on the account because they indicated that they did not have plaintiffs' tax returns, which was not true. Plaintiffs further asserts that defendants told plaintiffs that their tax returns were not signed, which also was not true, because the returns were electronically filed. Plaintiffs argue that these facts prevent the granting of the summary judgment on their TDCA claim.

Defendants correctly point out that plaintiffs failed to plead these statements as a basis for their TDCA claim. In addition, there is nothing that required Wells Fargo to conduct a loss mitigation review. Defendants also point out that these representations were made post-foreclosure and fail to demonstrate how these statements relate to the character, extent or amount of a debt. The Magistrate Judge correctly found that there was no evidence offered that created a material fact issue under the TDCA.

Plaintiffs next object to the Magistrate Judge's recommendation that the negligent misrepresentation claim should be dismissed. Plaintiffs assert that the economic loss doctrine does not bar this claim. Plaintiffs argue that defendants failed to perform their contractual duties with sufficient care, which gives rise to a duty outside of the contract. Plaintiffs also assert that they are seeking damages outside of the contract, including their time, out-of-pocket expenses, and mental anguish.

Plaintiffs made these same arguments before the Magistrate Judge. Texas courts have ejected similar claims of negligent misrepresentation n the basis of the economic loss rule. The court overrules plaintiffs' objections. Further, plaintiffs failed to object to the Magistrate Judge's additional reasons for dismissal of this claim. For instance, plaintiffs failed to object to the finding that there was no evidence that plaintiffs relied upon these alleged representations, that these representations were made post-foreclosure, that there is no evidence that

4

plaintiffs suffered damages as a result of these statements, and that there is no evidence of what Wells Fargo received from APS or plaintiffs received prior to foreclosure. All of these reasons would support the decision to dismiss this claim even if plaintiffs' objections had some merit.

Plaintiffs next object to the Magistrate Judge's recommendation to dismiss their actions to quiet title and trespass to try title. The Magistrate Judge determined that plaintiffs did not establish superior title. Plaintiffs' argument, which is not an objection, is solely based on the court finding that some other claim has merit. However, since the court finds that none of plaintiffs' claims have merit, this argument fails.

Plaintiffs' last argument is like the last one, in which plaintiffs argue that the claims for declaratory and other equitable relief should not be dismissed because there is an actual controversy. However, since there is no basis for any claim, there is no basis for these claims.

Having received the report of the United States Magistrate Judge, and considering the objections and reply filed by plaintiffs [Doc. #36, #38], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that defendants' Motion for Summary Judgment [Doc. #30] is **GRANTED** in part and all of plaintiffs' claims against defendants are DISMISSED with prejudice. The motion is **DENIED** as to defendants' counterclaim.

So **ORDERED** and **SIGNED** this **13** day of **August, 2013.**

_____
Ron Clark, United States District Judge